UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 06-CV-348-JMH

THOMAS EDWARD BURKE, PLAINTIFF,

VS: **MEMORANDUM OPINION AND ORDER**

JAMES L. MORGAN, ET AL., DEFENDANTS.

Before the Court is the Complaint [Record No. 1] filed by Thomas Edward Burke, the *pro se* plaintiff. On June 9, 2008, the Sixth Circuit Court of Appeals remanded this proceeding in light of the Supreme Court case of *Jones v. Bock*, 127 S. Ct. 910 (2007) [*See* Order, Record No. 15; and Mandate, Record No. 16].

PROCEDURAL HISTORY

Burke is confined in the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. On October 4, 2006, Burke filed a civil rights complaint asserting claims under 42 U.S.C. §1983 [Record No. 1].[1] In his § 1983 Complaint, he named five defendants: (1) James L. Morgan, Warden of the Northpoint Training Center ("NTC"), located in Burgin, Kentucky ; (2) Sharon Caudill, Deputy Warden of Programs for the NTC; (3) Jennifer Qualls, Duty Officer at the NTC; (4) Lt. Roger Sower, Adjustment Officer at the NTC; and (5) Mary

---

[1] The plaintiff originally filed this action in the United States District Court for the Western District of Kentucky. On October 16, 2006, Judge McKinley of the Western District transferred the plaintiff's complaint here, based on venue considerations.

Dean, member of the NTC medical staff.[2]

Burke sought substantial monetary damages for injuries which he alleges he sustained in 2005, when he was confined in the NTC.

Summarized, Burke alleged that when he was previously confined in the NTC, the defendants violated his rights under the Eighth Amendment of the United States Constitution. Specifically, he claimed that the defendants failed to protect him from being physically attacked on two different occasions (October 31, 2005, and December 24, 2005) by two different NTC inmates.

He alleged that on both dates, he sustained bodily injury and was placed in Administrative Segregation. He also complained about the fact that he was ultimately transferred to the KSP, a maximum security state prison. To the extent that the plaintiff complained about the confinement in segregation and the circumstances leading up to his transfer, he asserted claims of denied due process of law under the Fourteenth Amendment of the United States Constitution.

Burke attached several documents to his complaint, most of which pertained to the official investigation of the disciplinary charges, and the resulting convictions [*See* attachments, Record No. 1-4, pp. 1-11]. These reports reveal that Burke was convicted of "physical action against another inmate" as to the November 7, 2005

---

[2] The Clerk of the Court will be instructed to list Qualls, Sower, and Dean as defendants in the ECF docket, in addition to the two defendants already listed.

incident and the December 24, 2005, incident [*See Id.*, p. 3 (11/7/05 incident) and pp. 5-7 (12/24/05 incident)].[3] In fact, both reports reveal that Burke pled guilty to both disciplinary offenses [Id.].

On November 2, 2006, the Court entered a Memorandum Opinion and Order dismissing this action without prejudice [Record No. 3]. The Court concluded that based on the disciplinary records Burke had provided to the Court, it was apparent that Burke had not fully exhausted his Eighth Amendment claim alleging that the defendants had failed to protect him from being attacked by other inmates [*Id.*, pp. 5-6].

In the Memorandum, Opinion and Order, the Court also addressed Burke's other claims: (1) the loss of good time credit; (2) his confinement in Administrative Segregation resulting from the two altercation incidents; and (3) his transfer to the KSP. Addressing these claims on the merits, the Court concluded that none of those allegations rose to the level of a Fourteenth Amendment due process violation [*Id.*, pp. 6-10].[4] The Court dismissed these allegations

---

[3] Although Burke alleges that he was attacked by other inmates on October 31, 2005, the relevant disciplinary report form he attached to his complaint indicates that the incident actually occurred on November 7, 2005 [*Id.*, p.3].

[4] In that Memorandum, Opinion and Order, the Court reviewed and discussed the various disciplinary reports attached to the Complaint. The Court will not reiterate that discussion here.

3

for failure to state a claim [*Id.*, p. 10-11]. Burke then appealed [Record No. 10].

At that time (November of 2006) the law in this Circuit was that on initial screening of a civil action filed by a prisoner-plaintiff, a district court was to dismiss without prejudice any unexhausted claim. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.1998), abrogated by *Jones*, 549 U.S. 199. On January 20, 2007, the United States Supreme Court issued its opinion in *Jones*, wherein it examined the practice of *sua sponte* dismissal of unexhausted civil prisoner claims. The Court held that all circuits must treat failure to exhaust as an affirmative defense and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. The Sixth Circuit stated that given the subsequent *Jones* decision, the plaintiff's Eighth Amendment claims could not be dismissed, *sua sponte*, on the grounds of failure to administratively exhaust. The Sixth Circuit therefore remanded this case for that reason.

The Sixth Circuit did not address or appear to disturb the dismissal, on the merits, of the plaintiff's other three Fourteenth Amendment claims relating to: (1) temporary confinement in Administrative Segregation; (2) loss of good-time credits, and (3) transfer to the KSP. The stated grounds for remand appear to relate solely to the fact the Eighth Amendment failure-to-protect claim had been dismissed for lack of administrative exhaustion.

4

<u>DISCUSSION</u>
1. <u>Fourteenth Amendment Claims</u>

For the reasons set forth in the November 2, 2006 Memorandum, Opinion and Order, the Court determines that Burke's three Fourteenth Amendment claims (confinement in administrative segregation; loss of good-time credits; and transfer to the KSP) were properly dismissed for failure to state a claim on the merits. Those claims were, and remain, dismissed [*See* Record No. 3, pp. 6-10].

2. <u>Construed Official Capacity Eighth Amendment Claims</u>

To the extent that the plaintiff may be asserting his Eighth Amendment failure-to- protect claim against the defendants in their official capacities, these claims must be dismissed under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

Under the Eleventh Amendment, any suit for damages against state officials sued in their *official* capacities would be not be viable, because it would be the same as a suit against the state itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994) (state officials sued in their official capacities are not

5

considered "persons" under § 1983).

"Official capacity suits...generally represent only another way of pleading an action against an entity of which an officer is an agent...[An] official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985). State officials, in their official capacities, are not considered "persons" under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. at 7; *Doe v. Wigginton*, 21 F.3d at 737 (6th Cir. 1994).

The five defendants enjoy absolute immunity from suit in their official capacities, under the Eleventh Amendment. The plaintiff's construed Eighth Amendment official capacity claims against the five defendants are dismissed with prejudice.

### 3. Individual Capacity Eighth Amendment Claims

The Court will require the defendants, in their individual capacities, to answer the plaintiff's Eighth Amendment claim alleging that they failed to protect him from assault by other inmates. The Clerk will be directed to issue summonses and the U.S. Marshal's office will be directed to serve the defendants with service of process as set forth in this Order.

### CONCLUSION

Accordingly, **IT IS SO ORDERED**:

(1) The Clerk of the Court is directed to list in the ECF

6

docket sheet the following

persons as additional defendants:

    (a)   Jennifer Qualls, Duty Officer at Northpoint Training Center ("NTC");

    (b)  Lt. Roger Sower, Adjustment Officer at the NTC; and

    (c)  Mary Dean, member of the NTC medical staff.

(2) The plaintiff's construed Eighth Amendment claims against the defendants, in their official capacities, are **DISMISSED WITH PREJUDICE**.

(3) The defendants, in their individual capacities, will be required to respond only to

the plaintiff's Eighth Amendment failure-to-protect claim.

(4) The Lexington Clerk is directed to issue summonses for the following defendants in their individual capacities: (1) James L. Morgan, Warden of the NTC ; (2) Sharon Caudill, Deputy Warden of Programs for the NTC; (3) Jennifer Qualls, Duty Officer at the NTC; (4) Lt. Roger Sower, Adjustment Officer at the NTC; and (5) Mary Dean, of the NTC medical staff.

(5) The Lexington Clerk's Office shall prepare as many copies of the complaint **and** copies of this Order as there are summonses issued and complete the requisite number of USM Form(s) 285.

    (a)  If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly

        make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(b)    The Lexington Clerk's Office shall forward to the Lexington U.S. Marshal's Service by **hand delivery** the following documents:  (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Order;  (v) a copy of the Sixth Circuit's Order of June 9, 2008 [Record No. 15] ; and (vi) any other documents necessary to effectuate service.

(c)    The Lexington Deputy Clerk making the delivery of the summons and copies to the United States Marshal Service's office shall obtain from the Marshal a receipt for the hand-delivered documents, which receipt shall be entered  into the instant record by the Clerk.

(d)    The USM Office shall serve the documents specified in preceding Paragraph 5 (b) of this Order on the five defendants to this action; service to be made by certified mail, return receipt requested, or by personal service at the option of the USM..

(6) Within 40 days of the date of entry of this Order, the USM Office shall send a Service Report to the Lexington Clerk's Office, which the Deputy Clerk shall file in the record, which states whether service has been accomplished.

    a. For each defendant to be personally served, the Service Report shall indicate:

        i. that the defendant was successfully served personally; or

        ii. a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

    b. For each defendant who was to receive copies to be served by registered or certified mail, the Service Report shall include:

        i. the green mail receipt card showing proof of service; or

        ii. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

(7) The USM Office is responsible for ensuring that each defendant is personally served with process. In the event that an attempt at personal service upon any defendant is unsuccessful, the USM Office shall make further attempts or pursue other such information as is necessary to ensure successful service.

(8) The Lexington Clerk is further directed to serve a copy of this Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(9) The plaintiff shall keep the Clerk of the Court informed

9

of his current mailing address. **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(10) For every further pleading or other document he wishes to submit to the Court for consideration, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. **The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.**

(11) **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This the 5th day of September, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge