UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 06-CV-348-JMH

THOMAS EDWARD BURKE,                                              PLAINTIFF,

v.                         **MEMORANDUM OPINION AND ORDER**

JAMES L. MORGAN, ET AL.,                                         DEFENDANTS.

This Court considers the "Motion to Dismiss" filed by counsel for Defendants Jennifer Qualls, Roger Sower and Mary Dean [Record No. 30. The Court also considers the status of the claims asserted against two other defendants, James L. Morgan and Sharon Caudill.

PROCEDURAL HISTORY

On October 16, 2006, Thomas Edward Burke, the *pro se* plaintiff, filed a *pro se* civil rights complaint in which he asserted various Eighth Amendment claims under 42. U.S.C. § 1983. On November 1, 2006, the Court dismissed the § 1983 complaint for various reasons, one of which was Burke's failure to administratively exhaust his claims. Burke appealed in late 2006. Over a year later, in June of 2008, the Sixth Circuit then remanded this action because of the United States Supreme Court's subsequent decision in *Jones v. Bock*, 127 S. Ct. 910 (2007) [*See* Remand and Mandate, Record Nos. 15 and 16].

On September 5, 2008, this Court entered an Order directing the defendants to respond, in their individual capacities, to

Burke's Eighth Amendment failure-to-protect claim [Record No. 20].[1] On September 30, 2008, Defendants Jennifer Qualls, Roger Sower and Mary Dean filed, by and through counsel, "Answers" to the Complaint [Record No. 27-29]. On October 1, 2008, they also filed, through counsel, a "Motion to Dismiss" the Complaint [Record No. 30].

On October 16, 2008, Burke filed an interlocutory appeal of the defendants' "Motion to Dismiss" [*See* Notice of Appeal, Record No. 33]. On the same date, he filed a "Motion for Entry of Default" [Record No. 31] and a "Motion for Default Judgment" [Record No. 32]. The Court denied both of Burke's motions for default judgment [*See* Orders, Record No. 34 (10/21/08) and 35 (11/5/08)].

On December 18, 2008, the Sixth Circuit entered an Order dismissing Burke's interlocutory appeal [Record No. 36]. The December 18, 2008, cover-letter from Linda M. Niesen, Case Manger for the United States Court of Appeals from the Sixth Circuit, reveals that on that date, she mailed a copy of the Sixth Circuit's Order (dismissing the appeal) to Plaintiff Thomas Edward Burke, Jr., at the following address:

>       Thomas Edward Burke
>     Kentucky State Penitentiary
>           P.O. Box 5128

---

[1] In that Order, the Court discussed the various claims that Burke had asserted in his October 16, 2006, complaint. The Court discussed the status of all claims, *i.e.*, which claims which remained dismissed notwithstanding *Jones v. Bock*, and which claims remained active after the remand. [*See* Mem. Op. & Ord., Record No. 20, pp. 1-6]. The Court will not reiterate that discussion here.

2

Eddyville, Kentucky 42038

[Record No. 36-2, p.1].

There has been nothing filed in the Record which would indicate **either** that Burke's address has changed since December of 2008, or that he did not receive his copy of the Sixth Circuit's Order dismissing his interlocutory appeal.

This proceeding has now been pending before the Court since December 18, 2008. The record reflects that since the dismissal of the interlocutory appeal almost three months ago, Plaintiff Burke has not filed a response to the October 1, 2008, "Motion to Dismiss " filed by counsel for Defendants Jennifer Qualls, Roger Sower and Mary Dean [Record No. 30].[2]

## DISCUSSION
### 1. Claims Against Defendants Qualls, Sower and Dean

Pursuant to Rule 7.1(c)(1) of the Joint Local Rules for the Eastern and Western Districts of Kentucky, an opposing memorandum to a motion must be filed within fifteen (15) days after service of the motion, unless the parties agree to an extension of time or one is otherwise granted by the Court. Failure to file such an opposing memorandum may be grounds for granting the motion.

The time for the filing of Burke's response and/or opposing

---

[2] In its Order dismissing the interlocutory appeal, the Sixth Circuit **specifically** mentioned the fact that the defendants had filed a "Motion to Dismiss" on October 1, 2008 [See Sixth Circuit Order, Record No. 36, ¶ 2].

memorandum has expired. The record does not indicate that Burke has either requested an extension of time in which to respond to the defendants' motion, or that the parties have agreed to such an extension. In the Court's Memorandum Opinion and Order of September 5, 2008, the Court expressly instructed Burke to keep the Court informed as to any change of address [*Id.*, Record No. 20, pp. 9-10]. The Court expressly informed Burke that his failure to do so might result in the dismissal of his case. If Burke has a new address, he has failed to apprise the Court of that fact.

The record compels the conclusion that Burke's failure to respond to the "Motion to Dismis" filed by counsel for Defendants Qualls, Sower and Dean on October 1, 2008, was a conscious choice. Burke is responsible for prosecuting his remaining claims and responding to motions in a timely fashion. Burke filed the interlocutory appeal and that appeal was dismissed. He then failed to respond to the motion which preceded his filing of the interlocutory appeal.

Under such circumstances, the Court can only conclude that Burke has knowingly abandoned any opposition to these defendants' "Motion to Dismiss." *Humphrey v. United States*, 2008 WL 2080512 (6th Cir. 2008) (citing *Scott v. State of Tennessee*, 1989 WL 72470, at **2 (6th Cir. 1989) (unpublished disposition) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have

4

waived opposition to the motion.")); *See also Palasty v. Hawk*, 15 Fed. Appx. 197, 2001 WL 857209 (6th Cir. (Ky.) 2001) (not selected for publication in the Federal Reporter) (dismissal of a case for failure to prosecute is available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties). These defendants' motion should therefore be granted and the individual capacity claims against them should be dismissed with prejudice.

 2. <u>Claims Against Defendants Morgan and Caudill</u>

The United States Marshal's ("USM") Office was unable to serve either Defendant James L. Morgan or Defendant Sharon Caudill with notice of this civil action [*See* "Summons Returned Unexecuted," Record Nos. 24 and 25, 9/16/08]. In the "Remarks" sections of both of the unexecuted returns, the USM explained that the defendants "are no longer employed by the Ky. Department of Corrections." [*Id*].

Burke will be required to provide sufficient information regarding a **physical address** where both Defendant Morgan and Defendant Caudill can be served with process. It is the plaintiff's responsibility to provide the Court with sufficient information to permit the USM to serve a defendant. *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1997).

At a minimum, this requires Burke to provide the USM with a physical address for these defendants. Burke will be afforded thirty (30) days in which to file documentation with the Court

which includes the necessary information for service of process on Morgan and Caudill.

## CONCLUSION

Accordingly, the Court being duly and sufficiently advised, **IT IS ORDERED** as follows:

(1) The "Motion to Dismiss "[Record No. 30] filed by counsel for Defendants Jennifer Qualls, Roger Sower and Mary Dean is **GRANTED**.

(2) The Eighth Amendment "failure-to-protect" claims asserted by Plaintiff Thomas Edward Burke, Jr., against Defendants Jennifer Qualls, Roger Sower and Mary Dean, in their individual capacities, are **DISMISSED WITH PREJUDICE.**

(3) Plaintiff Thomas Edward Burke, Jr., is directed to file, within thirty (30) days of the entry of this Order, a document with the Court which includes a **physical address** at which the USM can effectuate service of process on Defendants James L. Morgan and Sharon Caudill.

(4) If Burke fails to provide the information described above, or otherwise fails to provide sufficient information necessary for the USM to obtain service of process against a Defendants James L. Morgan and Sharon Caudill, the claims against them will be dismissed for failure to prosecute.

(5) The Clerk of the Court is directed to notify the Pro Se

Law Clerk of the expiration of the thirty days in the event Burke fails to comply with Paragraph 3 herein.

This the 2nd day of March, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge