UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 06-CV-348-JMH

THOMAS EDWARD BURKE,                                          PLAINTIFF,

v.                        **MEMORANDUM OPINION AND ORDER**

JAMES L. MORGAN, ET AL.,                                      DEFENDANTS.

The Court considers the status of this proceeding with reference to the "Memorandum Opinion and Order" entered in this action on March 2, 2009 ("the March 2, 2009 Order") [Record No. 37]. Specifically, the Court addresses two pending motions [Record Nos. 40 and 41] filed by *pro se* plaintiff Thomas Edward Burke and his claims pending against the two remaining defendants in this action, James L. Morgan and Sharon Caudill.

PROCEDURAL HISTORY
SUBSEQUENT TO MARCH 2, 2009

The Court will not reiterate the prolonged procedural history of this 42 U.S.C. § 1983 civil rights action, which Burke filed on October 16, 2006. The protracted activity in this case has been recounted numerous times in previously entered Orders, the most recent being the March 2, 2009 Order. There, the Court outlined the relevant events in this litigation between October 16, 2009 and March 2, 2009.[1]

---

[1] That activity includes the filing of two interlocutory appeals by Burke. The Sixth Circuit has dismissed both of Burke's interlocutory appeals [*See* Order, Record Nos. 36 (12/18/08) and Order, Record No. 50 (4/27/09)].

In the March 2, 2009 Order, the Court dismissed with prejudice Burke's claims against Defendants Jennifer Qualls, Roger Sower and Mary Dean [Record No. 37, p. 6]. The Court explained that Burke had failed to respond to those defendants' "Motion to Dismiss" filed on October 1, 2008, Record No. 30]. [*Id.*, pp. 4-5].

The record revealed that the USMO had been unable to successfully serve Defendants Morgan and Caudill [Record Nos. 24 and 25]. In the March 2, 2009 Order, the Court informed Burke that he was responsible for providing the Court with a physical address for Defendants James L. Morgan and Sharon Caudill, which would enable the United States Marshals Office ("USMO") to serve them with process in accordance with Fed. R. Civ. 4 [Record No. 37, p.5]. Burke was given thirty (30) days from the date of entry of the March 2, 2009 Order in which to provide new addresses for Defendants Morgan and Caudill, or risk dismissal of those claims [*Id.*, p.6, ¶¶ 3-4].

Burke did not provide the Court with the requested addresses. Instead, on March 18, 2009, Burke filed a second interlocutory appeal in this proceeding [Record No. 39].[2] The Sixth Circuit dismissed Burke's second interlocutory appeal [*See* Order, Record No. 50 (4/27/09)].

DISCUSSION

---

2

At that time, Burke filed various other motions and attempted to propound interrogatories on the defendants.

1. <u>Appointment of Counsel</u>

On March 18, 2009, Burke asked the Court to appoint him counsel [Record No. 40]. The Court held that request in abeyance pending the outcome of Burke's second interlocutory appeal [*See* Order of 3/19/09, Record No. 46, p.4].

That motion will be denied. Counsel cannot be appointed and paid on this type of case pursuant to 28 U.S.C. § 1331. In a civil action such as this, the Court may only "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). In determining whether to appoint counsel, the Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

The trial court exercises its discretion in evaluating these factors, and its decision will be reversed "only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Courts in the Sixth Circuit do not appoint counsel for *pro se* prisoners in civil cases absent truly extraordinary exceptional circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir.

3

1996). Also, see factors discussed in *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), and *Tabron v. Grace*, 6 F.3d 147, 156-57 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).

There are no exceptional circumstances in this case that would warrant an appointment of counsel in this case. Burke's claims do not present unusual or complex facts.

### 2. Additional Time for Providing Addresses

In Burke's "Motion for Extension of Time to File Documents for Physical Addresses" [Record No. 41], he asks the Court for 180 additional days in which to obtain the addresses of the two remaining defendants. The Court will afford Burke an extension of time, but not 180 days. Plaintiff Burke will be given **thirty** (30) days from the date of entry of this Order in which to provide the Court with addresses for Defendants Morgan and Caudill. The plaintiff's failure to provide the Court with valid addresses for the service of process on Defendants Morgan and Caudill, within the time set by this Order, will result in the dismissal of the claims against Defendants Morgan and Caudill.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Thomas Edward Burke's "Motion to Appoint Counsel" is **DENIED**.

(2) Plaintiff Thomas Edward Burke's "Motion for Extension of

4

Time to File Documents for Physical Addresses" [Record No. 41] is **GRANTED in PART** and **DENIED in PART** as follows:

(A) Plaintiff Thomas Edward Burke will not be granted 180 days, from the date of entry of this Order, in which to provide the Court with valid addresses for Defendants James Morgan and Sharon Caudill.

(B) Plaintiff Thomas Edward Burke will be granted 30 days, from the date of entry of this Order, in which to provide the Court with valid addresses for Defendants James Morgan and Sharon Caudill.

(3) Plaintiff Thomas Edward Burke's failure to provide the Court with valid addresses for the service of process on for Defendants James Morgan and Sharon Caudill, within the time set by this Order, will result in the dismissal of the claims against them.

This the 20th day of May, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5