UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 06-CV-348-JMH

THOMAS EDWARD BURKE,                                              PLAINTIFF,

v.                        **MEMORANDUM OPINION AND ORDER**

JAMES L. MORGAN, ET AL.,                                         DEFENDANTS.

The Court considers two pending motions filed by Thomas Edward Burke, the *pro se* plaintiff: (1) the "Motion for Leave to file Amended Complaint" [Record No. 52] and (2) the "Motion to Compel Discovery" [Record No. 53]. Burke seeks permission to add the Kentucky Department of Corrections ("KDOC") as a defendant for the sole purpose of requiring the KDOC to provide current addresses of the two remaining defendants, James L. Morgan and Sharon Caudill. Current addresses are needed to effectuate service on Morgan and Caudill. For the reasons set forth in this Order, the Court will deny both motions.

PROCEDURAL HISTORY

The Memorandum Opinion and Order dated March 2, 2009 ("the March 2, 2009 Order") and Memorandum opinion and Order dated May 20, 2009 ("the May 20, 2009 Order") contained a summary of the relevant events in this litigation between October 16, 2009 and March 2, 2009 and March 2, 2009 and May 20, 2009, respectively.

In the March 2, 2009 Order, the Court dismissed, with prejudice, Burke's claims against Defendants Jennifer Qualls, Roger Sower and Mary Dean [Record No. 37, p. 6]. The Court explained that

Burke had failed to respond to those defendants' "Motion to Dismiss" filed on October 1, 2008, Record No. 30]. [*Id.*, pp. 4-5].

The record revealed that the USMO had been unable to successfully serve Defendants Morgan and Caudill [Record Nos. 24 and 25].[1] In the March 2, 2009 Order, the Court also informed Burke that he was responsible for providing the Court with a physical address for Defendants James L. Morgan and Sharon Caudill, which would enable the United States Marshals Office ("USMO") to serve them with process in accordance with Fed. R. Civ. 4 [Record No. 37, p.5]. Burke was given thirty (30) days from the date of entry of the March 2, 2009 Order in which to provide new addresses for Defendants Morgan and Caudill, or risk dismissal of those claims [*Id.*, p.6, ¶¶ 3-4].

In the May 20, 2009 Order, the Court denied Burke's request for 180 additional days in which to obtain the addresses of the two remaining defendants. The Court gave Burke an extension of **thirty** (30) days from the date of the May 20, 2009 Order in which to provide the Court with addresses for Defendants Morgan and Caudill. The Court noted that Burke's failure to provide the Court with valid addresses for the service of process on Defendants Morgan and Caudill, within the time set by this Order, would result in the

---

[1] The USMO stated the in the "remark" sections of both unexecuted summonses that Morgan and Caudill were no longer employed by the Kentucky Department of Corrections ("KDOC") [Record Nos. 24 and 25].

2

dismissal of the claims against Defendants Morgan and Caudill [*Id.*, p.4].

In Burke's current motions, he asks the Court: (1) to allow him to add the KDOC as a defendant and (2) to compel the KDOC to provide current addresses for Defendants Caudill and Morgan. Burke argues that the KDOC either possesses, or has the ability to obtain, current addresses to provide for the USMO to effectuate service on the two remaining defendants. He argues that in light of that ability, the KDOC should be required to provide current addresses for Defendants Morgan and Caudill. He contends that he should be relieved of the obligation to obtain current addresses for the defendants.

## DISCUSSION

The Court must deny Burke's motions. Although Burke seeks permission to add the KDOC as a defendant, he neither asserts a substantive claim against the KDOC nor demands monetary damages.[2] Burke merely wishes to add the KDOC as a *de facto* means of

---

[2] Asserting a substantive claim against the KDOC would be a pointless exercise because of the doctrine of sovereign immunity. A state agency is entitled to assert Eleventh amendment sovereign immunity against claims for monetary and injunctive relief. *See Abick v. Michigan*, 803 F.2d 874, 876 (6th Cir.1986). It is well settled that "Congress [did not] intend[ ] by the general language of § 1983 to override the traditional sovereign immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 342, 99 S.Ct. 1139, 1145, 59 L. Ed.2d 358 (1979).

discovery, specifically to obtain the current addresses of Defendants Morgan and Caudill.

### 1. *Fitts v. Siker* Precludes Relief Sought

Over two years ago the Sixth Circuit addressed this issue in an unpublished opinion, *Fitts v. Siker*, 232 Fed. Appx. 436 (6th Cir. (Mich.) February 8, 2007). In that case, prisoner-plaintiff Cameron Fitts asserted claims under 42 U.S.C. § 1983 against several employees of the Ionia Maximum Correctional Facility, a state prison located in Michigan.

The Michigan Department of Corrections ("MDOC") returned the complaint and summons, unexecuted, indicating Watkins had terminated her employment with the MDOC and her whereabouts were unknown *Id.*, at \*\*6. Fitts asked the district court to order the MDOC to provide an address where Debra Watkins, a named defendant and former employee of the Ionia maximum Correctional Facility, could be found [*Id.*]. The Magistrate Judge held he could not order the MDOC to provide an address they did not possess and denied Fitts' motion to re-serve the complaint. Fitts filed objections to this order but the district court found no error.

On appeal, the Sixth Circuit held that District court was not required to order that the complaint be re-served on defendant for whom neither the inmate lacked a current address. *Id*. The Court discussed cases from other jurisdictions which reached opposite results on the issue.

The Sixth Circuit adopted the approach taken by *Holleran v. Baker*, 109 Fed. Appx. 830 (8th Cir. (Mo.). September 15, 2004 (not selected for publication in Federal Reporter). In *Holleran*, district court dismissed, without prejudice, a county inmate's § 1983 complaint against a former jail official. The summons was returned unexecuted because the official was no longer employed with the county. The inmate failed to comply with an order directing him to provide the official's correct address within ten days. The Eighth Circuit affirmed, holding that the dismissal was not an abuse of discretion.

In evaluating the issue, the Sixth Circuit stated as follows in *Fritts*:

> While neither of the aforementioned cases is binding on this Court, they provide some guidance on how the district court could have handled Fitts' request to re-serve Watkins. The court could have ordered Fitts to provide Watkins' address or the court could have directed the MDOC to provide Watkins' last known address. Neither of these options appear likely to have remedied the situation. . . . **This Court has never imposed an obligation on district courts to actively seek out the address of a defendant so that service can be effectuated and declines to do so in this instance. Thus, Judge McKeague was correct in ruling that Magistrate Judge Greeley's order was not erroneous**.

*Fitts*, 232 Fed. Appx. 436, at **7. *See also Smith v. Belle*, 2009 WL 724028 (11th Cir. (Fla.) March 20, 2009) (not selected for publication in the Federal Reporter) (failure of state prisoner, proceeding *in forma pauperis* in § 1983 action, to provide current address for defendant so that process could be served, despite

being warned that failure to do so would result in dismissal, warranted dismissal of the prisoner's claims against defendant for lack of service of process).

### 2. Lack of Jurisdiction over KDOC Precludes Joinder for Discovery Purposes

Joinder of the KDOC as a defendant for discovery purposes, merely to relieve Burke of his responsibility to obtain the defendants' addresses, is not warranted. Such a ruling would be burdensome, a drain on the public treasury and could constitute an abuse of process. In *Hefley v.Textron, Inc*., 713 F.2d 1487 (10th Cir. 1983), the Tenth Circuit addressed this issue.

Factually, *Hefley* was a far more complicated case which stemmed from the crash of helicopter. The plaintiffs asserted claims of negligence against Textron, the manufacturer of the helicopter. The third-party defendants were the United States of America, the Kansas Army National Guard ("KANG"); an Adjutant General Major of KANG; and the State of Kansas.

The district court held that under various doctrines, (Eleventh Amendment immunity vis-a-vis the State of Kansas and KANG, and sovereign immunity with respect to the federal third party defendants), it lacked subject matter over the third-party defendants. The Tenth Circuit upheld that result [*Id*., at 1492]. Textron wanted the third-party defendants to remain in the action with respect to the various claims of indemnity it had asserted under against them under state law. Textron argued that even though

6

the third-party defendants had immunity from a suit for money damages, it could nevertheless join those parties for the purposes of discovery and assessment of their comparative fault [*Id*.].

The Tenth Circuit rejected that argument. The court concluded that since the district court had no subject matter jurisdiction over the federal third-party defendants, it had no jurisdiction over the more limited claims requesting that they remain parties for the purposes of discovery and assessment of "proportionate" fault [*Id.*, at 1495]. Citing numerous cases, one of which was a Supreme Court decision dating to 1953, the Court explained that "though the federal rules may prescribe the method by which a claim can be asserted, the rules themselves can not confer jurisdiction over a claim where jurisdiction does not otherwise exist." [*Id.*, citations omitted].

Textron further argued that since it only sought discovery and assessment of "proportionate" fault, requiring the third-party defendants to remain in the action would not result in a drain on the public treasury or interfere with public administration [*Id*]. The Tenth Circuit rejected that assertion, emphasizing that even if it assumed that sovereign immunity did not bar the claims, "we are convinced that there is no procedural mechanism by which the United States can be joined in this action." [*Id.*, at 1496].

Applying *Hefley* to Burke's motion, joinder of the KDOC can not be justified. As noted, any substantive claim against the KDOC

7

would be barred by the doctrine of sovereign immunity under the Eleventh Amendment. Under *Hefley*, the Court must deny Burke's motion seeking the joinder of the KDOC for the sole purpose of discovery, as there are no grounds on which to base jurisdiction over the KDOC as a party-defendant.

### 3. Court Can Not Provide Legal Advice

Specific federal rules govern the discovery process in federal courts. The Court is not empowered either to dispense legal advice to parties, or to practice their case on their behalf. *See Geller v. Washtenaw County*, 2006 WL 2946672, * 2 (E. D. Mich., October 16, 2006) 2006 WL 2946672 (Not Reported in F. Supp.2d) ("The Court will not dispense legal advice to Plaintiff on how to plead his suit against municipalities, state entities, or state officials."); *Gidney v. Fifth Dist. Court of, Appeals of Texas Dallas*, 2006 WL 2088178, *3 (N. D. Tex. July 27, 2006) (Not Reported in F. Supp.2d) ("As for petitioner's request for legal advice concerning respondent's May 22, 2006 ruling, the Court does not dispense legal advice in response to inquiries to the Court; it instead issues rulings on motions and pleadings properly before it.").

### CONCLUSION

Accordingly, **IT IS SO ORDERED**:

(1) Plaintiff Thomas Edward Burke's the "Motion for Leave to file Amended Complaint [Record No. 52] is **DENIED.**

(2) Plaintiff Thomas Edward Burke's "Motion to Compel

8

Discovery" [Record No. 53] is **DENIED**.

This the 4th day of June, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge