```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

THOMAS EDWARD BURKE,

    Plaintiff,                                Civil Action No. 06-CV-348-JMH

v.

JAMES L. MORGAN, ET AL.,
                                               **MEMORANDUM OPINION AND ORDER**

    Defendants.

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendants James L. Morgan and Sharon Caudill's motion to dismiss [Record No. 82]. This matter is now ripe for decision, and for the reasons stated herein, the motion to dismiss will be granted.

**I) PROCEDURAL HISTORY**

The following is a very brief and abbreviated account of the procedural history in this case, omitting the various superfluous and duplicative motions the plaintiff has filed over the course of this litigation:

On October 16, 2006, Thomas Edward Burke, the *pro se* plaintiff, filed a *pro se* civil rights complaint in which he asserted various Eighth Amendment claims under 42. U.S.C. § 1983. On November 1, 2006, the Court dismissed the § 1983 complaint for various reasons, one of which was Burke's failure to administratively exhaust his claims. Burke appealed in late 2006.

Over a year later, in June of 2008, the Sixth Circuit then remanded this action because of the United States Supreme Court's subsequent decision in *Jones v. Bock*, 127 S. Ct. 910 (2007) [*See* Remand and Mandate, Record Nos. 15 and 16].

On October 1, 2008, Defendants Jennifer Qualls, Roger Sower and Mary Dean filed a motion to dismiss [Record No. 30]. On March 2, 2009, the undersigned granted that motion, due to Plaintiff's failure to contest the motion. On October 7, 2009, Defendants James L. Morgan and Sharon Caudill filed a motion to dismiss Burke's only remaining claim, a failure to protect claim under the Eighth Amendment, based on the affirmative defense that Burke failed to exhaust his administrative remedies [Record No. 82]. Plaintiff subsequently filed a "Motion to Dismiss Defendant's Motion to Dismiss on Behalf of Defendant's Morgan and Caudill" [Record No. 92] (which was docketed as a motion) and a "Motion for an Order to Dismiss Defendant's Motion to Dismiss on Behalf of Morgan and Caudill and Grant Plaintiff Summary Judgment in this Case" [Record No. 101] (which was docketed as a response to Morgan and Caudill's motion to dismiss). Morgan and Caudill did not file a response or reply to either of these "motions." The Court will accept both of these motions as responses to the motion to dismiss [Record No. 82]. Accordingly, this matter is now ripe for decision.

**II) STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint.  The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).  The Court "must accept as true all of the allegations contained in a complaint" except for "legal conclusions." *Ashcroft v. Iqbal,* -- U.S. --- , 2009 WL 1361536 *13 (2009) (*citing Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court recently clarified the standard for a motion to dismiss, stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id*. at *12 (citations omitted).

The Supreme Court has ruled, however, that a complaint covered by the Prisoner Litigation Reform Act ("PLRA"), as in this case, is not required to contain a pleading and demonstration of exhaustion of administrative remedies.  *Jones v. Brock*, 549 U.S. 199, 211-212 (2007).  Exhaustion is required under the PLRA and failure to exhaust is an appropriate affirmative defense.  *Id.*

3

**III) DISCUSSION**

The Prisoner Litigation Reform Act ("PLRA") dictates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Burke admits in his complaint that he failed to file an appeal of his grievance, which comprises his Eighth Amendment claim, with the Commissioner of the Department of Corrections. [Record No. 1-2, 5.] Filing an appeal with the Commissioner is the final step in the administrative grievance procedure; this step must be completed for the grievance procedure to be considered exhausted. Correction's Policy and Procedure 14.6, II, J, (1)-(4). It is undisputed that Burke did not file an appeal, and, thus, failed to exhaust his administrative remedies.

The two "motions" [Record Nos. 92 and 101] Burke filed in response to Morgan and Caudill's motion to dismiss do not address his failure to exhaust. Instead, those motions complain of Morgan and Caudill's alleged failure to comply with Burke's discovery requests and ask the Court to "dismiss" Morgan and Caudill's motion to dismiss on the basis of their alleged failure to comply with discovery.

As Burke did not respond to the merits of Morgan and Caudill's

motion, the Court must conclude that Burke has waived any opposition to their argument that he failed to exhaust his administrative remedies. *Humphrey v. United States*, 2008 WL 2080512 at **3 (6th Cir. 2008)(citing *Scott v. State of Tennessee*, 1989 WL 72470, at **2 (6th Cir. 1989))("if a plaintiff fails to respond or otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion.") This finding is buttressed by the fact that Burke admitted his failure to exhaust in his complaint. The Court, therefore, concludes that Burke's Eighth Amendment claim cannot go forward, pursuant to 42 U.S.C. § 1997e(a), because he failed to exhaust his administrative remedies.

## IV) CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Morgan and Caudill's motion to dismiss [Record No. 82] be, and the same hereby is, **GRANTED**.

This the 23rd day of February, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge